UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CLAUDIA ABEL, FRANK TAFF, | ) | |
| JUDY RAYLS and RICHARD BOYD | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 4:04-cv-184-DFH-WGH |
| | ) | |
| ROCKWELL AUTOMATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER CONDITIONALLY DENYING DEFENDANT'S
MOTION FOR SANCTIONS AGAINST PLAINTIFFS FOR
VIOLATING THE COURT'S OCTOBER 12, 2005 DISCOVERY ORDER**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Defendant's Motion for Sanctions Against Plaintiffs for Violating the Court's October 12, 2005 Discovery Order filed November 14, 2006. (Docket Nos. 95-96). Plaintiffs' Brief in Response to the motion was filed November 27, 2006. (Docket No. 97). Defendant's Reply was filed December 11, 2006. (Docket No. 102).

The issue raised in this motion is whether one of plaintiffs' counsel violated this court's order of October 12, 2005, by attempting to conduct an *ex parte* interview with a former or current employee of the defendant who may have been a supervisory employee. The Magistrate Judge's review of the facts elicited in the briefs leads him to conclude that plaintiffs' counsel's attempt to contact Graham Robbins did violate the terms of the October 12, 2005 order. However, it appears that no actual *ex parte* interview or contact took place with Mr. Robbins, and the plaintiffs did not obtain any information in violation of that order. The Magistrate Judge, therefore, finds that

no prejudice has occurred to the interests of the defendant from the plaintiffs' counsel's conduct.

Because the Magistrate Judge cannot discern any prejudice to the defendant, and because none of the plaintiffs themselves were involved in the contact, any sanction which might be appropriate would be directed at plaintiffs' counsel and not at the plaintiffs themselves.

The issue of whether plaintiffs' counsel should be sanctioned for violating the order can be deferred until later and at the completion of this litigation.  To avoid undue delay to the completion of the litigation itself, the defendant's motion for sanctions is **CONDITIONALLY DENIED.**  However, upon request of the defendant at the conclusion of the litigation, the court will reconsider the issue of sanctions.

**SO ORDERED.**

**Dated:**  February 6, 2007

WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Merritt Keelty Alcorn
ECKERT ALCORN GOERING & SAGE
alcorn@eaglaw.com

Michael Shaun Dalrymple
ICE MILLER LLP
michael.dalrymple@icemiller.com

Karen R. Goodwell
MATTOX MATTOX & WILSON
kgoodwell@rmattox.win.net

Byron L. Myers
ICE MILLER LLP
byron.myers@icemiller.com

Ryan McCabe Poor
ICE MILLER LLP
poor@icemiller.com

Paul C. Sweeney
ICE MILLER LLP
paul.sweeney@icemiller.com

Michael A. Wilkins
ICE MILLER LLP
wilkins@icemiller.com