UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

CLAUDIA ABEL, FRANK TAFF,      )
JUDY RAYLS and RICHARD BOYD    )
                               )
                Plaintiffs,    )
                               )
        v.                     )        4:04-cv-184-DFH-WGH
                               )
ROCKWELL AUTOMATION, INC.,     )
                               )
                Defendant.     )

# ORDER ON MOTION FOR SANCTIONS FOR
# FAILURE TO MAKE DISCLOSURE

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Motion for Sanctions for Failure to Make Disclosure filed by plaintiffs on October 3, 2006.  (Docket Nos. 72-73). Defendant's Response and Designation of Evidence in opposition to plaintiffs' motion was filed on October 30, 2006.  (Docket Nos. 78, 81).  Plaintiff's Brief in Reply was filed on November 11, 2006.  (Docket No. 94).  The motion has been referred to the Magistrate Judge.

Five plaintiffs brought this suit alleging violations of the ADEA and ERISA in the manner in which they were terminated.  The issue raised by this motion is whether a sanction should issue when one of the defendant's supervisors, upon his retirement, disposed of notes and copies of emails which he had personally kept concerning certain actions at the plant while this litigation was pending.

## Facts

The following facts are material to this decision:

1.  Plaintiff Frank Taff ("Taff") was terminated from his employment with the defendant, Rockwell Automation, Inc., in November of 2003 allegedly due to a reduction in force.  Plaintiff Richard Boyd ("Boyd") was terminated from his employment with the defendant in January of 2004.

2.  Mr. Kenneth Boucher ("Boucher") was Taff's immediate supervisor.  Boucher also supervised another employee, Jim Hatton ("Hatton").  Hatton was the direct supervisor of Boyd.

3.  Boucher maintained copies of items in his desk which included handwritten notes and copies of emails.

4.  Boucher maintained these files according to a practice he had learned, and these were in addition to the personnel files and other documents maintained by corporate policy.  Boucher made handwritten notes and kept copies of emails on a sporadic basis to assist his memory when it came time to evaluate an employee's performance.

5.  Boyd, Taff and the other three plaintiffs filed charges of discrimination with the EEOC beginning in December of 2003 and continuing through March of 2004.

6.  On March 12, 2004, defendant was aware of and retained counsel to defend against the charges by plaintiffs Claudia Abel and Judy Rayls, and by April 7, 2004, defendant had retained counsel to defend against the charges by plaintiffs Taff and Boyd.

7.  On April 14, 2004, the defendant was aware of the existence of some documents in the form of email communications between Boucher and other individuals concerning the performance of Taff, and they were not part of the personnel file held by the appropriate corporate official, Mr. Kikta.

8.  On June 21, 2004, plaintiffs received Right to Sue letters from the EEOC.

9.  On August 26, 2004, plaintiffs filed the Complaint in this case.

10.  On March 10, 2005, plaintiffs served their request for production of documents, each of which included an item requesting production of all personnel files or similar files for the plaintiffs, among others.

11.  On March 29, 2005, defendant identified Boucher as a person likely to have discoverable information in the initial disclosures served as a result of this lawsuit.

12.  Boucher retired on March 31, 2005, and at that time disposed of the personal materials he kept in his desk.

13.  On April 1, 2005, Boyd served his request for production of documents seeking all personnel files and similar files for himself and others.  The same request was made on behalf of Taff on April 23, 2005.

14.  As the result of some efforts at preserving documents, 4,999 pages of documents, including personnel files, documents and emails gleaned from some 18,000 email messages, had been produced to plaintiffs in this case.

15.  There is no evidence that the defendant's counsel or any corporate officials specifically told Boucher not to dispose of his own files.  Neither is there

any evidence that the defendant's counsel or any corporate officials instructed Boucher to destroy them either wilfully or intentionally. Many of the items that Boucher would have kept in his desk are duplicated in the materials produced to plaintiffs, but Boucher does not recall if all of the documents that might have been maintained in his desk have been produced as a part of the plaintiffs' personnel files.

16. Boucher did not have direct supervisory responsibilities with respect to Boyd, though he may have had supervisory responsibilities to Boyd's supervisor. He did not have any role in the decision as to whether to terminate Boyd.

### Discussion

In this case, one of defendant's supervisors maintained documents in his desk that might be material to claims raised by one and possibly a second plaintiff. The plaintiffs have no <u>direct</u> evidence that the disposition of the documents in Boucher's desk at his retirement were done intentionally to destroy evidence in this case. In reviewing the entire course of discovery in this case, the Magistrate Judge believes that there is not a strong circumstantial inference that can be drawn that these documents were wilfully destroyed. In addition, the Magistrate Judge notes that there have been significant efforts by the defendant to preserve relevant materials, and although those efforts were not perfect, there has been no showing of a wholesale attempt to destroy or alter documents.

The parties agree that there is some duty upon a defendant to maintain and preserve materials that may be evidence in an appropriate case. The Magistrate

Judge believes that the filing of the EEOC charges and the filing of the lawsuit were certainly sufficient prerequisites to put the defendant on notice of a need to preserve documents that are material, and to notify those persons who have or may be material witnesses to maintain their records.  This was not done in this case.

The issue is whether any sanction is appropriate under these circumstances.  The plaintiffs ask for essentially four sanctions in their motion. Sanction 2 which proposes the court establish for the purpose of this action that age was a factor in determining whether the plaintiffs' employment should be terminated is simply too extreme a sanction for an instance when a large quantity of materials have been produced, and there is little evidence of wilful destruction of evidence.  Sanction 3, which seeks an order preventing or refusing to allow the defendant to oppose the claim is also simply too stringent a sanction under these facts and circumstances.  Sanction 1 seeking an order establishing for the purposes of the action that the jury would be instructed that they may infer from the defendant's destruction and lack of production of the requested documents that such documents would have harmed the defendant's case is appropriate in this case so long as the instruction is limited to Taff's claim only.  This is because the evidence establishes that the supervisor was not the direct supervisor of Boyd, nor did he participate in the decision to terminate Boyd.  Because this was a close issue as to whether sanctions were warranted, the requested sanction 4 is denied, and each party shall bear its own attorney's fees and costs with respect to this motion.

**Conclusion**

For the foregoing reasons, plaintiffs' Motion for Sanctions for Failure to

Make Disclosure is **GRANTED, in part,** and **DENIED, in part,** as follows.  The

requests for sanctions 2, 3 and 4 are denied.  The request for sanction 1 is

granted as to Taff only.

**SO ORDERED.**

**Dated:**  February 6, 2007

WILLIAM G. HUSSMANN, JR.
Magistrate Judge


**Electronic copies to:**

Merritt Keelty Alcorn
ECKERT ALCORN GOERING & SAGE
alcorn@eaglaw.com

Michael Shaun Dalrymple
ICE MILLER LLP
michael.dalrymple@icemiller.com

Karen R. Goodwell
MATTOX MATTOX & WILSON
kgoodwell@rmattox.win.net

Byron L. Myers
ICE MILLER LLP
byron.myers@icemiller.com

Ryan McCabe Poor
ICE MILLER LLP
poor@icemiller.com

Paul C. Sweeney
ICE MILLER LLP
paul.sweeney@icemiller.com

Michael A. Wilkins
ICE MILLER LLP
wilkins@icemiller.com